IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                        2:00CR20053-001

ANTONIO TRIPLETT                                            DEFENDANT

**ORDER**

Currently before the Court are Defendant's Motion for Return of Seized Propertys [sic] pursuant to Rule 41(g)[1] (Doc. 62), the Government's response (Doc. 63), the Government's supplemental response (Doc. 65 & 66), and Defendant's reply (Doc. 69). For the reasons stated herein, Defendant's motion is DENIED.

**Background**

In September 2000, a search warrant was executed on Defendant's residence, 420 N. 19th Street, Fort Smith, Arkansas, and items were seized, including cars, guns, jewelry, and $15,388.00 in U.S. currency. After the seizure, the Drug Enforcement Administration ("DEA") instituted an administrative forfeiture proceeding against the personal property and U.S. currency. On October 24, 2000, notice of the seizure was sent by certified mail, return receipt requested, to Defendant at 420 N. 19th St., Fort Smith, Arkansas, which was also the address Defendant gave when booked into jail. Notice was also sent to the Sebastian County Jail, 801 S. A St., Fort Smith, Arkansas, where Defendant

---

[1]Federal Rules of Criminal Procedure 41(g).

1

was in custody from October 17, 2000, to May 11, 2001. Notices were also sent to two other individuals who might have an interest. All notices were signed showing delivery accepted. In addition to the mailings, the notice was also published in the *Wall Street Journal* once a week for three successive weeks: November 6, 13, and 20, 2000. The notices contained instructions on requesting "remission or mitigation of forfeiture" and "contest[ing] the forfeiture". No claims were filed contesting the forfeitures or requesting remission or mitigation. On January 9, 2001, the DEA forfeited the $15,388.00 in U.S. currency to the United States pursuant to Title 19 U.S.C. § 1609. In June 2001, the remaining items were returned to Defendant.

On March 20, 2006, more than five years later, Defendant filed a *pro se* motion pursuant to Rule 41(g) for return of the $15,388.00 contending he did not receive notice of any forfeiture proceeding. Defendant further contends that the U.S. currency was compensation he received from various insurance companies for numerous accidents and injuries he suffered. The United States contends Rule 41(g) is not an appropriate avenue for the return of property subject to administrative or civil judicial proceedings. The United States further contends that Defendant's motion is time barred pursuant to 18 U.S.C. § 983(e)(3).

**Discussion**

Federal Rule of Criminal Procedure 41(g) provides, in part, "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.

2

The motion must be filed in the district where the property was seized." The Eighth Circuit has held, however, that Rule 41(e)[2] motions may not be used to attack antecedent civil forfeitures. *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit*, 92 F.3d 648, 652 & n. 4 (8th Cir. 1996); *see* Fed. R. Crim. P. 54(b)(5); *In re Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988)(Rule 41(e) cannot be used to challenge the results of complete judicial forfeiture proceedings). However, the Eighth Circuit has held that the district court has jurisdiction to consider Defendant's collateral due process attack. *See United States v. Woodall*, 12 F.3d 791, 793-94 & n.1 (8th Cir. 1993), abrogated on other grounds by *Dusenbery v. United States*, 534 U.S. 161, 170-71, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). Because Defendant contends he did not receive notice of any forfeiture proceeding, which would be a violation of his due process rights, we take jurisdiction.

The Due Process Clause of the Fifth Amendment prohibits the United States from depriving any person of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993). The government's written notice must be merely "reasonably calculated, under all the circumstances" to provide notice to the claimant. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

---

[2]The former provisions of Rule 41(e) are now found in Rule 41(g).

3

We find the notices afforded Defendant due process. The evidence shows the DEA sent its October 2000 notice by certified mail addressed to the detention center where Defendant was incarcerated. The DEA also sent notice to the address Defendant gave when he was booked into the detention center and published notice of the forfeiture action as required. We find the governments's efforts were "reasonably calculated, under all the circumstances" to provide notice to the claimant.

Defendant contends that even though delivery of the certified mail was accepted at the detention center where he was being held, he did not receive a copy. However, due process does not require actual notice or actual receipt of notice. *See Dusenbery v. United States*, 534 U.S. 161, 170-71, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). Nor does it require the government to make "heroic efforts" at notice. *Id*. at 170, 122 S.Ct. 694.

As far as Defendant's motion can be construed as a motion under 18 U.S.C. § 983 to set aside the civil forfeiture action, we find Defendant's motion is time-barred. The United States contends Defendant's motion is subject to 18 U.S.C. § 983(e)(3) which allows a five year statute of limitations for motions to set aside a declaration for forfeiture when a person entitled to receive written notice does not receive such notice. The motion "may be filed not later than 5 years after the date of final publication of notice of seizure of property." 18 U.S.C. § 983(e)(3). Final publication of notice of seizure of property was November 20, 2000.

4

Defendant filed his motion on March 20, 2006, which is more than five years after the date of final publication.

Defendant contends the statute of limitations should begin running from June 2001 when he received the cars, guns, and jewelry. We disagree for the statute specifically states it is the date of final publication of notice of seizure of property.

**Conclusion**

Accordingly, Defendant's motion for return of property is DENIED.

IT IS SO ORDERED.

/s/Robert T. Dawson
Robert T. Dawson
United States District Judge

5